NO. 25-1039

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,
Appellant

v.

JOHN RANSOME,
Appellee

APPEAL FROM AMENDED JUDGMENT OF SENTENCE
IN CRIMINAL NO. 04-014 IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

APPENDIX OF APPELLANT UNITED STATES OF AMERICA

VOLUME ONE

DAVID METCALF
United States Attorney

ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8568

# TABLE OF CONTENTS

## Volume One

1    Notice of appeal ....................................................................1

2    May 8, 2024, opinion of the district court............................................ 4

3    May 8, 2024, order of the district court granting motion
under 28 U.S.C. § 2255 ........................................................ 29

4    Amended judgment of the district court entered
November 14, 2024 ............................................................ 30

## Volume Two

5    Docket entries ................................................................. 37

6    State court documents regarding robbery conviction for
May 1, 1981, offense .......................................................... 50

7    Transcript of guilty plea proceeding on April 19, 1983 ..................... 52

8    State court documents regarding aggravated assault conviction
for June 10, 1992, offense ....................................................77

9    Transcript of resentencing hearing on November 12, 2024 .............. 79

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **No. 04-014-01** |
| **JOHN DOUGLAS RANSOME** | **:** | |

**NOTICE OF APPEAL**

The United States of America hereby appeals from the amended judgment of this Court entered on November 14, 2024 (ECF No. 128), which resolved defendant John Douglas Ransome's motion under 28 U.S.C. § 2255, and based on the granting of that motion reduced the terms of imprisonment and supervised release previously imposed in this case.[1]

---

[1] The government in this appeal also challenges the order of the Court (ECF No. 113) entered on May 8, 2024, granting the defendant's motion under 28 U.S.C. § 2255, vacating the sentence, and setting the matter for resentencing. The matter became ripe for appeal upon the entry of the final judgment on November 14, 2024, *see Andrews v. United States,* 373 U.S. 334, 339 (1963), and the appeal is filed within 60 days of the entry of judgment based on a 2255 motion, *see United States v. Hammer*, 564 F.3d 628, 634 (3d Cir. 2009).

Respectfully yours,

*/s Jacqueline C. Romero*
JACQUELINE C. ROMERO
United States Attorney


*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading has been served on the Filing User

identified below through the Electronic Case Filing (ECF) system:

James Joseph McHugh, Jr.
Assistant Federal Defender

*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney

DATED: January 6, 2025.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF | : | |
| AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | No. 04-00014-1 |
| | : | CIVIL ACTION |
| | : | No. 16-3142 |
| JOHN DOUGLAS RANSOME | : | |
| | : | |

**May 8, 2024**                                    **Anita B. Brody, J.**

<u>**MEMORANDUM**</u>

John Douglas Ransome moves for relief under 28 U.S.C. § 2255, arguing that the sentence applied in his case is contrary to law. Ransome was sentenced under the Armed Career Criminal Act ("ACCA"), which applies when a defendant has three or more prior convictions for crimes of violence. At the time of sentencing, Ransome was understood to have four qualifying predicate convictions that triggered the applicability of ACCA:

- A 1975 federal robbery conviction, under an unknown statute of conviction. I find that this conviction is no longer properly understood to be an ACCA predicate offense.

- Two 1981 Pennsylvania first degree robbery convictions. This opinion does not reach the issue of whether these two convictions remain valid ACCA predicates.

Appx4

- A 1992 Pennsylvania second degree aggravated assault conviction, under an unknown subsection of the aggravated assault statute. Ransome may have been convicted under a subsection that is not a crime of violence under ACCA, so this conviction is not an ACCA predicate.

Because the Government has failed to show that Ransome was convicted of three predicate offenses that can properly trigger the applicability of ACCA, I will grant Ransome's motion, vacate his sentence, and schedule a resentencing hearing.

## I. BACKGROUND

On January 28, 2005, John Douglas Ransome appeared before the Court for a sentencing hearing in Criminal Case No. 4-14, on one count of being a felon in possession of a firearm and ammunition, and one count of marijuana possession. At sentencing, Ransome fell under the Armed Career Criminal Act ("ACCA"), as it was applied at the time, based on having three or more convictions for violent felonies. 18 U.S.C. § 924(e). Ransome was understood at the time to have four qualifying predicate offenses: a 1975 federal robbery conviction, two 1981 Pennsylvania first degree robbery convictions, and a 1992 Pennsylvania second degree aggravated assault conviction.

At sentencing, the application of ACCA triggered a mandatory minimum sentence of 15 years' incarceration on Count 1 (felon in possession of a firearm). Without ACCA, Count 1 would have been punishable by a maximum of ten years'

imprisonment. 18 U.S.C. § 924(a)(2) (eff. Oct. 6, 2006). I sentenced Ransome to 200 months' imprisonment on Count 1, 15 days' imprisonment on Count 2 (possession of marijuana) to run concurrently to his sentence on Count 1, and five years of supervised release, as well as special assessments and fines. Judgment, ECF No. 48.[1]

In 2015, the United States Supreme Court decided *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the Court held that ACCA's "residual clause" was unconstitutionally vague. 576 U.S. at 597. This clause had defined a category of violent felonies that could trigger ACCA's application, including crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." After *Johnson*, prior convictions no longer qualified as "violent felonies" unless they satisfied one of ACCA's remaining provisions at § 924(e)(2)(B). In 2016, *Johnson* was applied retroactively to those already serving sentences under ACCA. *Welch v. United States*, 578 U.S. 120, 135 (2016).

On June 16, 2016, Ransome moved for relief from his ACCA sentence based on *Johnson*. Motion to Correct Sentence Under 28 U.S.C. § 2255 ("2255 Motion"), ECF No. 85. His motion was stayed for several years.[2] On December 19, 2023, the

---

[1] All citations to the record refer to Criminal Case No. 4-14-1 unless otherwise indicated.
[2] Ransome's case was initially stayed on June 27, 2016 based on the Eastern District of Pennsylvania's May 16, 2016 Administrative Order relating to the adjudication of the high volume of *Johnson* motions in the district. Order, ECF No. 86. On August 4, 2017, Ransome moved to lift the stay. Unopposed Motion to Lift Administrative Stay, ECF No. 90. On September 27, 2017, the stay was lifted and the Government was ordered to respond to Ransome's memorandum of law. Order, ECF No. 91. On June 22, 2018, the

Parties were ordered to provide updated briefing regarding the impact of Third Circuit developments on Ransome's motion under § 2255. Order, ECF No. 105. Both parties briefed the outstanding issues in Ransome's case and agreed that this motion is now ripe for disposition.[3] ECF Nos. 106, 109, 110, 111.

## II. LEGAL STANDARD

Section 2255 empowers a court to "vacate, set aside or correct" a sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). If a party is entitled to relief under § 2255(a), "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b).

To prevail in his motion under § 2255, Ransome has the burden to show that his sentence was not lawfully imposed.[4] *United States v. Hollis*, 569 F.2d 199, 205

case was again stayed, this time to await the Third Circuit's decision in two cases examining whether Pennsylvania robbery convictions constitute ACCA predicates. Order, ECF No. 98. On September 11, 2018, the parties submitted a status report, in which Ransome conceded that his 1975 robbery and 1992 aggravated assault convictions were likely ACCA predicates. Status Report, ECF No. 100. On September 18, 2018, I ordered that the case remain stayed pending the resolution of *United States v. Harris* (No. 17-1861), a Third Circuit case examining Pennsylvania's robbery statute. Order, ECF No. 101. *Harris* became final on December 5, 2023. *United States v. Harris*, No. 17-01861, Dkt. No. BL-170 (3d Cir. Apr. 18, 2017) (stating that mandate was issued on Dec. 5, 2023).

[3] In his briefing, Ransome noted a relevant case that was still pending at the Third Circuit, and he suggested that it might be appropriate to stay proceedings until the final resolution of that case. Suppl. Br. in Support of Pet'r's 28 U.S.C. § 2255 Mot. ("Ransome Suppl. Br."), ECF No. 109, at 10 n.6. That case has since been resolved. *United States v. Jordan*, 96 F.4th 584 (3d Cir. 2024).

[4] Johnson must also show that he is in custody. 28 U.S.C. § 2255(a). The parties do not

(3d Cir. 1977). If the record is clear that Ransome's sentence was imposed under a valid provision of ACCA, then relief is not available through a § 2255 motion based on *Johnson* and *Welch*. *United States v. Peppers*, 899 F.3d 211, 224 (3d Cir. 2018). Here, the record is not clear as to whether Ransome's ACCA sentence relied on the residual clause or another clause of ACCA. Ransome may therefore proceed with his § 2255 motion under *Johnson* and *Welch*.

Next, in order to prevail in his § 2255 motion, Ransome must show that he was prejudiced by the prior application of ACCA's invalid residual clause. *Peppers*, 899 F.3d 211, 224 n.6, 236 (in a § 2255 proceeding, remanding to the district court to determine whether the sentencing error was harmless). The parties do not dispute that Ransome's original terms of incarceration and supervised release imposed in this case were both longer than the law would permit without the application of ACCA. Therefore, if ACCA no longer applies to Ransome after *Johnson*'s invalidation of the residual clause, Ransome was necessarily prejudiced.

The Government argues that Ransome's § 2255 motion should be denied because Ransome was not prejudiced by any reliance on ACCA's residual clause. The Government asserts that three of Ransome's prior convictions—his 1975 robbery conviction, one of his 1981 Pennsylvania robbery convictions, and his 1992

dispute that Ransome is currently in custody and that he faces a term of supervised release in this case upon his release from the state prison where he is currently serving a term of incarceration.

Pennsylvania aggravated assault conviction—remain proper predicate offenses under ACCA's valid "elements" clause.[5] Gov't's Suppl. Resp. in Opp'n to Def.'s Mot. Under 28 U.S.C. § 2255 ("Gov't's Suppl. Resp."), ECF No. 106, at 4. The "elements" clause defines certain ACCA predicate crimes of violence: those that have "as an element the use, attempted use, or threatened use of physical force against the person of another[.]" 18 U.S.C. § 924(e)(2)(B)(i). Elements are those facts that the prosecution must prove beyond a reasonable doubt in order to secure a conviction. *Patterson v. New York*, 432 U.S. 197, 210 (1977).

Ransome contends that none of his prior convictions satisfy ACCA's "elements" clause because none of his convictions required proof beyond a reasonable doubt that he used, attempted to use, or threatened to use physical force. Ransome Suppl. Br. at 4–6. He argues that his prior convictions could only qualify as ACCA predicates under the unconstitutional residual clause, and that he accordingly lacks the three or more predicate convictions that would properly subject him to an ACCA sentence. *Id.*

To determine whether Ransome is entitled to relief from his ACCA sentence,

---

[5] The Government previously argued that all four of Ransome's prior convictions (three robberies, and one aggravated assault) constituted ACCA predicates, but it now argues that only two of the robberies and the aggravated assault are ACCA predicates. *Compare* Gov't's Resp. to Def.'s Mot. for Relief Under 28 U.S.C.  to § 2255, ECF No. 92, at 5, *with* Gov't's Second Suppl. Resp. in Opp. to Def.'s Mot. Under 28 U.S.C. § 2255, ECF No. 110, at 9 n.2.

I consider whether he has three or more prior convictions that could still properly be considered ACCA predicates after *Johnson*. The Government bears the burden of proof in the analysis of whether each prior conviction satisfies the valid "elements" clause of ACCA. *United States v. Harris*, 205 F. Supp. 3d 651, 662 (E.D. Pa. 2016) (citing *United States v. Howard*, 599 F.3d 269, 271–72 (3d Cir. 2010)); *United States v. Evans*, No. 2:02-cr-00001, 2015 WL 9480097, at *2 (W.D. Pa. Dec. 29, 2015) ("[T]he government retains the burden [in § 2255 proceedings] to demonstrate by a preponderance of the evidence both prior convictions and career offender status"). If the Government can show that three or more of Ransome's prior convictions remain valid ACCA predicates, Ransome was not prejudiced by ACCA's application at his initial sentencing, and his motion will be denied. Otherwise, Ransome was necessarily prejudiced by the application of ACCA, and he will be resentenced.

## A.  The Categorical and Modified Categorical Approach

At this stage, courts determine whether a prior conviction falls under ACCA's "elements" clause by applying the categorical approach. *United States v. Abbott*, 748 F.3d 154, 157 (3d Cir. 2014). Under this approach, a court looks "only to the elements of a defendant's prior conviction, not 'to the particular facts underlying these convictions.'" *Id.* (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013)). A defendant's prior conviction constitutes an ACCA predicate only if the

elements of the crime of conviction match the elements of a "violent felony," as defined in ACCA. *Id.* If there is a mismatch—that is, if the elements of the crime of conviction "cover a greater swath of conduct than the elements of the relevant ACCA offense"—then the conviction is not an ACCA predicate offense. *Mathis v. United States*, 579 U.S. 500, 509 (2016). A defendant's actual conduct underlying their conviction is irrelevant; the elements of their crime of conviction are what determine whether the conviction is categorically an ACCA crime of violence. *Id.*, 579 U.S. at 504. The court presumes that a defendant committed the least culpable conduct that is punishable under the statute. *Peppers*, 899 F.3d at 233 (citing *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)).[6]

Presentence Investigation Reports ("PSRs") can be used to prove the existence of a prior conviction. In *United States v. Watkins*, the Third Circuit addressed a defendant's challenge to his ACCA sentence in which the defendant denied the existence of the prior convictions listed on his PSR. 54 F.3d 163, 165 (3d Cir. 1995). Watkins claimed that the Government should have been required to provide a certified copy of each prior judgment of conviction in his case. *Id.*, 54 F.3d at 164. The Third Circuit affirmed Watkins' conviction, stating that "a sentencing

---

[6] For instance, a defendant might be convicted of simple assault under a state statute that criminalizes reckless, knowing, or intentional unconsented physical contact. When analyzing this conviction under the categorical approach, the court presumes that the defendant's conduct was the least culpable of the range of acts covered by the statute: in this situation, a reckless unconsented touching.

court may rely on the facts set forth in the [PSR.]" *Id.*, 54 F.3d at 166–67. In Watkins' case, the information in the PSR was sufficient for the court to do the necessary analysis: to "ascertain with certainty the statutes of conviction[.]" *Id.*, 54 F.3d at 168.

Sometimes, a statute of conviction is divisible, meaning that it sets forth multiple different crimes that can include ACCA predicates and non-ACCA predicates.[7] In this situation, courts apply the modified categorical approach to determine whether the specific defendant's conviction was an ACCA predicate. *United States v. Abbott*, 748 F.3d 154, 157 (3d Cir. 2014). The modified categorical approach allows courts to determine the defendant's actual crime of conviction among several alternative possibilities in a divisible statute. *Id.* Courts refer to "*Shepard* documents" to determine the defendant's specific crime of conviction. *Id.*, 748 F.3d at 158 (citing *Shepard v. United States*, 544 U.S. 13, 16 (2005)). These documents include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the

---

[7] One example of a divisible statute is a Pennsylvania state drug law outlawing "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance[.]" *United States v. Abbott*, 748 F.3d 154, 158 (3d Cir. 2014) (quoting Pa. Stat. Ann. § 780-113(a)(30)). The punishment for violating this law depends on the type of controlled substance (for instance, cocaine possession is punished more harshly than marijuana possession). *Id.* Because there are several different crimes penalized by this statute—possession of several different types of drugs that could subject a defendant to different criminal penalties—the statute is divisible. *Id.*, 748 F.3d at 159.

defendant assented." *Shepard*, 544 U.S. at 16. Courts may only refer to those documents that show what a jury "necessarily had to find" to reach their verdict, or what a prior guilty plea "necessarily admitted[.]" *Abbott*, 748 F.3d at 158; *Shepard*, 544 U.S. at 24. Documents that a jury or a plea did not necessarily rely on, like police reports or victims' statements, cannot be used in a court's determination of the crime of conviction under the modified categorical approach. *Garrus v. Sec'y Pa. Dep't of Corrections*, 693 F.3d 394, 398, 412 (3d Cir. 2012). If the court can determine the specific divisible provision under which the defendant was convicted based on the available *Shepard* documents, the court then applies the categorical approach to determine whether that more narrowly-defined crime constitutes an ACCA predicate. *Peppers*, 899 F.3d at 231–32.

PSRs are not *Shepard* documents, but they can be used for limited purposes. Generally, facts in a PSR are admitted by a defendant failing to object to them. *United States v. Siegel*, 477 F.3d 87, 93–94 (3d Cir. 2007). However, the Third Circuit has noted that, in a categorical approach analysis, the factual narratives describing prior convictions in PSRs are not evidence of the specific subsection to which a defendant pled guilty. *United States v. Johnson*, 587 F.3d 203, 212 n.10 (3d Cir. 2009) ("[W]hat matters is the *mens rea* to which Johnson actually pled guilty. Significantly, that question cannot be answered on the basis of the

[description in the] PSR[.]").[8]

If the *Shepard* documents do not reveal "with certainty" the defendant's crime of conviction among several possible divisible sections, the court must revert to the categorical approach *Mathis*, 579 U.S. at 519; *Peppers*, 899 F.3d at 232. The court first determines whether *any* divisible section of the statute criminalizes conduct that is not an ACCA predicate. *Id.*, 899 F.3d at 233–34. If all sections of the statute are categorically ACCA predicates, the conviction is properly a predicate, because even the "least of the acts criminalized" would be a predicate. *Peppers*, 899 F.3d at 233 (citing *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)) (cleaned up). But, if a section of the statute exists that is not an ACCA predicate, the court must assume that the defendant's conviction is not an ACCA predicate. *Id.*, 899 F.3d at 233–34.

The Government argues that, if there is uncertainty about the proper subsection of conviction, Ransome should instead be required to prove that he was *not* convicted of an ACCA predicate. Gov't's Second Suppl. Resp. in Opp. to Def.'s Mot. Under 28 U.S.C. § 2255 ("Gov't's Second Suppl. Resp."), ECF No. 110, at 3 (citing *Pereida v. Wilkinson*, 592 U.S. 224 (2021)). The Government's position would reverse the Third Circuit's holding in *Peppers*. *Peppers* requires the court to

---

[8] It is unclear whether any of a defendant's admissions can properly be used as *Shepard* documents to show a defendant's exact statute of conviction. In *Peppers*, the Third Circuit questioned whether a defendant's prior statement that he was convicted of "armed robbery" on two occasions could be used by the court to determine his specific statute of conviction. *Peppers*, 899 F.3d at 232 n.16.

presume that a defendant committed the least culpable conduct penalized by the applicable statute of conviction. The Government is incorrect when it contends that *Pereida v. Wilkinson*, a United States Supreme Court decision analyzing the categorical approach in the context of the Immigration and Nationality Act, has abrogated *Peppers*. Gov't's Second Suppl. Resp. at 5.

For this proposition, I agree with my colleagues that *United States v. Peppers* remains the governing law on this issue. *See United States v. Delaney*, 606 F. Supp. 3d 143, 150 (E.D. Pa. 2022); *United States v. Parrott*, 585 F. Supp. 3d 661, 667-68 (E.D. Pa. 2022); *United States. v. Giles*, No. 94-cr-20-01, 2021 WL 5418158, at *5 (E.D. Pa. Nov. 19, 2021). *Pereida v. Wilkinson* was decided in the context of administrative immigration law proceedings, and the Court's decision explicitly distinguishes between the categorical approach under ACCA and the categorical approach in the immigration context. 592 U.S. 224, 240 n.7 (2021) ("[W]hile the ACCA's categorical approach demands certainty from the government, the [Immigration and Nationality Act]'s demands it from the [noncitizen]."). The Government still "bears the burden of proving that a particular conviction qualifies as a predicate offense under the ACCA's categorical approach." *Delaney*, 606 F. Supp. 3d at 150.

## B.  Concessions by Ransome and the Government

Ransome's § 2255 motion has been pending for approximately eight years as

the applicable Third Circuit law developed. During that time, both the Government[9] and Ransome[10] have made several arguments and concessions about his convictions that they later sought to withdraw. While I will consider the parties' briefs and arguments in analyzing Ransome's claim for relief, I do not blindly accept the parties' concessions.

In *Wharton v. Vaughn*, another court in this district analyzed the impact of concessions in habeas proceedings under 28 U.S.C. § 2254. 371 F. Supp. 3d 195 (E.D. Pa. 2019). The court collected cases in which courts had conducted an independent review of the petitioner's claim instead of simply accepting the Government's concession that habeas relief was warranted. *Id.*, 371 F. Supp. 3d at 200, 201 (citing *Sibron v. New York*, 392 U.S. 40, 58 (1968) ("It is the uniform practice of this Court to conduct its own examination of the record in all cases where the Federal Government or a State confesses that a conviction has been erroneously

---

[9] The Government seeks to withdraw all its previous filings in this case. Gov't's Suppl. Resp. at 1. In its most recent briefing, the Government concedes that Ransome's November 29, 1981 robbery is not a valid ACCA predicate. Gov't's Second Suppl. Resp. at 9 n.2.

[10] In 2017, Ransome conceded the aggravated assault subsection under which he was convicted, while erroneously referring to the conviction (which occurred after trial) as the result of a guilty plea colloquy. Mem. of Law in Support of Mot. to Correct Sentence Under 28 U.S.C. § 2255 ("Ransome Mem. of Law"), ECF No. 89, at 26 n.12. He now asks that this footnote concession be disregarded. Ransome Suppl. Br. at 6 n.4. Ransome also previously stated that his federal robbery conviction was under 18 U.S.C. § 2111. Ransome Mem. of Law at 1–2. He now withdraws his statement as to the federal robbery conviction and argues that the statute of conviction is unknown. Ransome Suppl. Br. at 6 n.4. Finally, Ransome seeks to withdraw his approval of the Government's 2018 status report (ECF No. 100). Ransome Suppl. Br. at 6 n.4.

obtained.")). Section 2254 states that "a district court shall entertain an application for a writ of habeas corpus . . . *only on the grounds that [the state prisoner] is in custody in violation of the Constitution or laws or treaties of the United States*." *Id.*, 371 F. Supp. 3d at 199 (citing 28 U.S.C. § 2254(a)). The court determined that, based on this language, "a district court cannot dispense with this [habeas statute's] limitation [on granting relief] merely because the prosecutor has changed its position[,]" and that the court "must make an independent determination of the merits" of the claim. *Id.*, 371 F. Supp. 3d at 199.[11]

Ransome moves for relief under 28 U.S.C. § 2255, which states:

> *Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief*, the court shall . . . make findings of fact and conclusions of law with respect thereto. *If the court finds* that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b) (emphasis added). Like the habeas petitioner in *Wharton v. Vaughn*, Ransome may only be granted relief if his sentence was imposed in violation of law—and if it was imposed in violation of the law, relief *must* be

---

[11] The Third Circuit later affirmed the district court's imposition of sanctions against the attorneys in this case who made concessions without a sufficient basis in fact or law. *Wharton v. Superintendent Graterford SCI*, 95 F.4th 140, 151 (3d Cir. 2024) ("before [lawyers] state facts, they must investigate reasonably").

granted. I therefore decline to rest my decision on the parties' concessions. I instead conduct an independent review of the possible ACCA predicate convictions to determine whether Ransome is entitled to habeas relief.

## III. ANALYSIS OF PRIOR CONVICTIONS

Ransome has four convictions that are potential ACCA predicates. Prior to the convictions in this case, Ransome was convicted of a 1975 federal robbery, two 1981 Pennsylvania first degree robberies, and a 1992 Pennsylvania second degree aggravated assault. If the Government can show that three or more of these convictions are "violent felonies" under ACCA, then Ransome was properly sentenced under ACCA. 18 U.S.C. § 924(e)(1). If two or fewer of these convictions are proper ACCA predicates, Ransome's sentence must be vacated, and he will be resentenced without the application of ACCA.

I find that Ransome's Pennsylvania aggravated assault conviction and his federal robbery conviction are not valid ACCA predicates. Without these two convictions, Ransome has only two possible ACCA predicates. Because he does not have three or more ACCA predicates, Ransome has demonstrated his right to relief from his sentence. I do not need to reach Ransome's two Pennsylvania robbery convictions.

## A.  1992 Pennsylvania Aggravated Assault

On July 27, 1994, a jury convicted Ransome of second-degree aggravated

assault in a Pennsylvania state court. PSR at 8. As of May 1992, when the offense

occurred, the Pennsylvania aggravated assault statute contained the following

subsections that were classified as second-degree offenses:

> A person is guilty of [second degree] aggravated assault if he:
> . . .
> (3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer, firefighter or county adult probation or parole officer, county juvenile probation or parole officer or an agent of the Pennsylvania Board of Probation and Parole in the performance of duty;
> (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon; or
> (5) attempts to cause or intentionally or knowingly causes bodily injury to a teaching staff member, school board member, other employee or student of any elementary or secondary publicly-funded educational institution, any elementary or secondary private school licensed by the Department of Education or any elementary or secondary parochial school while acting in the scope of his or her employment or because of his or her employment relationship to the school.

18 Pa. Cons. Stat. § 2702(a) (1992).[12]

This statute is divisible into multiple separate crimes, so the modified

categorical approach applies to determine whether Ransome's conviction is a valid

ACCA predicate. *United States v. Ramos*, 892 F.3d 599, 609 (3d Cir. 2018) (holding

that Pennsylvania second-degree aggravated assault is divisible into its individual

subsections). I will turn to the *Shepard* documents to identify Ransome's subsection

of conviction.

---

[12] The omitted first two subsections of this statute describe first-degree aggravated assault.

There are two *Shepard* documents available: the bill of information (ECF No. 89-3, at 3) and the judgment of conviction (ECF No. 89-3, at 2). The bill of information charges Mr. Ransome with simple assault, as well as all the subdivisions of first- and second-degree aggravated assault.[13] The judgment of conviction document states that the jury rendered a verdict of not guilty as to the first-degree ("F-1") aggravated assault charge, but it found Ransome guilty of simple assault and second-degree ("F-2") aggravated assault. ECF No. 89-3, at 2. There is no indication in the judgment of conviction that Ransome was charged with or found guilty of a specific subsection of the aggravated assault statute.

To find that Ransome was convicted under a divisible subsection of the statute, the *Shepard* documents must conclusively identify that subsection. Here, they do not do so. I therefore revert to the categorical approach. The categorical approach only allows a divisible statute to be used as an ACCA predicate if all the subsections in effect at the time describe ACCA crimes of violence. *Peppers*, 899 F.3d at 232. But, if at least one subsection does not describe a "crime of violence,"

---

[13] On the bill of information, all the second-degree aggravated assault charges listed on the bill of information appear to be crossed out, as does one of the first-degree aggravated assault subsections. The simple assault subsections and one first-degree aggravated assault subsection are not crossed out. Ransome was convicted of second-degree aggravated assault even though all those provisions are crossed out in the bill of information. Because this annotation on the bill of information applies equally to all Ransome's possible subsections of conviction, it does not aid in the determination of which subsection of second-degree aggravated assault was applied to Ransome.

I must assume that Ransome was convicted under that subsection. *Id.* The Third Circuit has held that Section 2702(a)(3), a provision of the second-degree aggravated assault statute, is not an ACCA predicate. *United States v. Jenkins*, 68 F.4th 148, 150 (3d Cir. 2023). I must assume that Ransome's conviction fell under that provision and conclude that his aggravated assault conviction is not a proper ACCA predicate.

## B. 1975 Robbery

Ransome's PSR indicates that he was convicted in 1975 for "[r]obbery on a government reservation." PSR at 4. The PSR provides a case number in the U.S. District Court for the Eastern District of Virginia. *Id.* The summary of conviction on the PSR states: "On November 14, 1975, the defendant, and another person, in Fort Bragg, North Carolina, took the victims [sic] wallet and 12 traveler's checks, totaling $240." *Id.*[14] There is no statute of conviction listed. There is also no explanation as to why a crime that allegedly occurred in North Carolina was charged in Virginia. Neither Ransome nor the Government has offered a judgment of conviction or other *Shepard* document to provide more information about this conviction.

I accept as true the PSR's indication that Ransome was convicted of a 1975 robbery in federal court. Ransome did not object to this portion of the PSR, and he

---

[14] As noted above, the PSR's description of the facts underlying a conviction is not determinative of the nature of the actual crime to which Ransome pled guilty for the purposes of the categorical approach.

does not now argue that this conviction did not occur. *See* Ransome Suppl. Br. at 9–10. Ransome contends that this conviction cannot be an ACCA predicate because the Government is unable to identify his crime of conviction with "certainty." Ransome Suppl. Br. at 10 (citing *Mathis*, 579 U.S. at 519 (quoting *Shepard*, 544 U.S. at 21)). The Government, misunderstanding its burden to prove that Ransome's prior convictions are ACCA predicates, counters that Ransome "was convicted of a robbery offense to which 18 U.S.C. § 2111 [the federal robbery statute] may apply." Gov't's Second Suppl. Resp. at 10. The Government mistakenly contends that this is a valid ACCA predicate conviction because Ransome might have been prosecuted under this statute.[15] Gov't's Suppl. Resp. at 4–5.

To analyze whether a conviction is a valid ACCA predicate, courts must be able to ascertain the nature of the conviction with "certainty[.]" *Mathis*, 579 U.S. at 519. This issue of certainty can arise in the context of the modified categorical approach when the divisibility of a statutory subsection is unclear, or when the exact nature of the conviction is not revealed by *Shepard* documents. *See Mathis*, 579 U.S.

---

[15] A conviction under 18 U.S.C. § 2111 is likely a valid ACCA predicate. The language in § 2111 tracks the language used in the federal bank robbery statute, 18 U.S.C. § 2113(a). The Third Circuit has determined that a bank robbery conviction under this statute is categorically a "crime of violence" that constitutes a valid ACCA predicate. *United States v. Wilson*, 880 F.3d 80, 82 (3d Cir. 2018). Other circuits have concluded that 18 U.S.C. § 2111 is also a crime of violence under ACCA. *See, e.g., Harris v. United States*, 19 F.4th 863, 872 (6th Cir. 2021) (holding that § 2111 is a crime of violence); *United States v. Fultz*, 923 F.3d 1192, 1193 (9th Cir. 2019) (same); *United States v. Shirley*, 808 Fed. App'x 672, 677 (10th Cir. 2020) (same).

at 519 (discussing the possibility of a conviction's "indeterminacy" even after reference to *Shepard* documents and state law); *Peppers*, 899 F.3d 211, 232 (reverting to the categorical approach when no *Shepard* documents exist to shed light on the statutory subsection of a defendant's conviction).

While I agree with the Government that 18 U.S.C. § 2111 is the most likely source of Ransome's conviction, the categorical approach requires the sentencing court to identify the statute of conviction with "certainty[.]" *Watkins*, 54 F.3d at 168. I therefore consider whether, based on the information in the PSR, Ransome's conviction could have occurred under any other statute.

One possible source of Ransome's conviction is the Assimilative Crimes Act ("ACA"). 18 U.S.C. § 13. This law fills gaps in federal criminal law by applying to federal lands the state laws that would apply if the territory belonged to a surrounding or nearby state. *Id.* The Assimilative Crimes Act is applied in cases in which no federal equivalent statute exists. 18 U.S.C. § 13(a) (applying state criminal law for "any act or omission which, *although not made punishable by any enactment of Congress*, would be punishable if committed or omitted within the jurisdiction of the State . . .") (emphasis added); *Lewis v. United States*, 523 U.S. 155, 160 (1998) ("The ACA's basic purpose is one of borrowing state law to fill gaps in the federal criminal law that applies on federal enclaves.") (citation omitted). Cases under the Assimilative Crimes Act are tried in federal court. *See, e.g., United States v.*

Appx23

*McGrath*, No. 3:23-cr-84, --- F. Supp. 3d ----, 2023 WL 7224169 (M.D. Pa. Nov. 2, 2023).

Federal law has criminalized robbery since the enactment of 18 U.S.C. § 2111 in 1948. Because this federal law exists, the Assimilative Crimes Act ordinarily could not be used to import a duplicative state law robbery crime. However, during the period when Ransome was convicted, it appears that there was significant confusion in the district courts about whether state robbery and other similar laws could be prosecuted in federal court under the ACA. *See, e.g., United States v. Word*, 519 F.2d 612, 618 (8th Cir. 1975) (remanding Missouri robbery conviction because the government "wrongfully secure[d] a conviction under a state statute pursuant to the Assimilative Crimes Act, rather than under the relevant federal statute," which was 18 U.S.C. § 2111); *Shirley v. United States*, 554 F.2d 767, 769 (6th Cir. 1977) (vacating guilty plea to Tennessee state law robbery prosecuted under the ACA because it should have been charged under 18 U.S.C. § 2111); *see also United States v. Lavender*, 602 F.2d 639, 640–41 (4th Cir. 1979) (vacating sentence in federal grand larceny prosecution under Virginia statute because the Assimilative Crimes Act did not permit importing Virginia law where federal statute existed); *United States v. Dawkins*, 7 M.J. 720, 723–24 (A.C.M.R. 1979) (collecting 1970s cases in which the ACA was improperly applied despite the existence of applicable federal criminal law). If Ransome's conviction were under the Assimilative Crimes Act, it

would have been used in error. But, it appears to have been applied to prosecute some robberies on federal lands in the 1970s. Because of this history of misapplication of state laws, I cannot ascertain with certainty that Ransome's 1975 robbery conviction fell under 18 U.S.C. § 2111.

Even though the exact nature of Ransome's 1975 robbery conviction is uncertain, this lack of certainty could be harmless if he was still necessarily convicted under an ACCA predicate. *See Peppers*, 899 F.3d at 236 (remanding to the district court to determine whether error in ACCA sentencing was harmless) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993) (applying harmless-error standard to constitutional error in the habeas context)). I therefore turn to whether the law under which Ransome would have been convicted—if he were, in fact, convicted under the Assimilative Crimes Act—is a valid ACCA predicate. If any possible crime of conviction is not an ACCA predicate, Ransome must be assumed to have been convicted of a non-ACCA predicate. *See Peppers*, 899 F.3d at 233–34.

After analyzing the relevant criminal laws in effect at the time of his robbery, I determine that Ransome's 1975 robbery is not a valid ACCA predicate. If he were convicted under North Carolina law, his conviction would be a crime of violence. But, if he were convicted under Virginia law, his conviction would not be an ACCA predicate. Given the uncertainty surrounding Ransome's 1975 conviction, I must assume he was convicted of the least culpable conduct punishable under these laws,

and that he was convicted of the non-ACCA predicate: Virginia robbery.

The PSR indicates that Ransome was arrested in North Carolina, but it lists a criminal case number in Virginia federal district court. PSR at 4. Either state's robbery law might have been applied.[16] The Fourth Circuit has determined that North Carolina common law robbery[17] is an ACCA predicate based the state law's requirement to prove that force was used to overcome a victim's resistance. *United States v. Dinkins*, 928 F.3d 349, 355–56 (4th Cir. 2019). However, the Fourth Circuit has held that Virginia robbery is not an ACCA predicate. *United States v. Williams*, 64 F.4th 149, 156 (4th Cir. 2023) (examining the 1975 version of the Virginia code and accompanying state law to determine that nonviolent "sodomy-threat robbery" was covered by the Virginia robbery statute, so it was not properly a categorical ACCA predicate); *United States v. White*, 24 F.4th 378, 379–80 (4th Cir. 2022) (confirming that Virginia robbery is not an ACCA predicate based on certification of relevant question to the Virginia Supreme Court). I adopt the Fourth Circuit's

---

[16] Fed. R. Crim. P. 18 states that "the government must prosecute an offense in a district where the offense was committed." Based on the short narrative in the PSR, the offense should have been prosecuted in North Carolina. However, the fact of the prosecution taking place in Virginia district court calls into question the accuracy of the PSR's account. A prosecution based on an aiding and abetting theory or a conspiracy could have bridged the two states, and the location of Ransome's own conduct should have been determinative of the applicable law. Unfortunately, this Court lacks sufficient information to ascertain which state's law was or should have been applied.

[17] North Carolina robbery is defined at common law, as it was at the time of Ransome's conviction. *Compare* N.C. Gen. Stat. § 14-87.1 (2023) (setting punishment for common law robbery), *with* N.C. Gen. Stat. § 14-87.1 (1975) (same).

analysis. The Virginia Supreme Court has confirmed the Fourth Circuit's understanding that a Virginia state robbery could be accomplished by threatening the victim with a public accusation that they engaged in certain sex acts. *White*, 24 F.4th at 381. This type of threat does not constitute the type of violent act that renders a conviction an ACCA predicate.

Ransome could have been convicted, in Virginia federal court, of Virginia robbery. Without any *Shepard* documents to show that Ransome's conviction instead fell under the federal statute or North Carolina law, *Peppers* requires me to assume that Ransome's conviction is for the "least of the acts criminalized[.]" 899 F.3d at 233 (cleaned up) (citation omitted). In Ransome's case, that least culpable conduct is Virginia common law robbery, which is not an ACCA predicate. Ransome's federal robbery conviction is therefore not a valid ACCA predicate.

## C.  Pennsylvania Robberies

Because I find that Ransome's aggravated assault and federal robbery convictions are not valid ACCA predicates, I do not reach Ransome's two prior Pennsylvania first degree robbery convictions.

## IV. CONCLUSION

Ransome has met his burden to show that he is entitled to relief under *Johnson*. The Government has failed to identify three or more convictions for ACCA predicates in Ransome's criminal record. I will therefore grant Ransome's motion,

vacate his sentence, and schedule a resentencing hearing.

                                _____s/ANITA B. BRODY, J._____

                                ANITA B. BRODY, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF | : | |
| AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | No. 04-00014-1 |
| | : | CIVIL ACTION |
| | : | No. 16-3142 |
| JOHN DOUGLAS RANSOME | : | |
| | : | |

### <u>ORDER</u>

**AND NOW**, this 8th day of May, 2024, it is **ORDERED** that John Douglas Ransome's Motion under 28 U.S.C. § 2255 (ECF No. 85) is **GRANTED**. Mr. Ransome's sentence in Criminal Case No. 04-14-1 is **VACATED** pending a resentencing hearing on September 5, 2024 at 10:30am.


    s/ANITA B. BRODY, J.

ANITA B. BRODY, J.

Appx29

AO 245C (Rev. 09/19)  Amended Judgment in a Criminal Case          (NOTE:  Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT
### Eastern District of Pennsylvania

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| John D. Ransome | Case Number:  DPAE2:04CR000014-001 |
| | USM Number:  01194-103 |
| **Date of Original Judgment:**  1/28/2005 | James Jospeh McHugh, Esquire |
| *(Or Date of Last Amended Judgment)* | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☑ was found guilty on count(s)  1 and 2 of the Indictment.
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 922(g) | Felon in possession of a firearm and ammunition | 8/16/2003 | 1 |
| 21 U.S.C. § 844(a) | Possession of marijuana | 8/16/2003 | 2 |

    The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/12/2024
Date of Imposition of Judgment

s/ANITA B. BRODY, J.
Signature of Judge

Anita B. Brody        U.S. District Judge
Name and Title of Judge

11/14/24
Date

Appx30

Judgment — Page ___2___ of ___7___

DEFENDANT:   John D. Ransome
CASE NUMBER:   DPAE2:04CR000014-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
85 months on Count 1 and no term imposed on Count 2.

☐   The court makes the following recommendations to the Bureau of Prisons:

☑   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Appx31

DEFENDANT:  John D. Ransome
CASE NUMBER:  DPAE2:04CR000014-001

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

 1 year on Count 1 and no term imposed on Count 2.

# MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
  ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.   ☐   You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☑   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐   You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Appx32

AO 245C (Rev. 09/19)    Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT:      John D. Ransome
CASE NUMBER:    DPAE2:04CR000014-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the third circuit district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere with 6 hours notice, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  If you are arrested or questioned by a law enforcement. officer, you must notify the probation officer within 72 hours.
9.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
10. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
11. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may notify the proper authorities.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245C (Rev. 09/19)  Case 2:04-cr-00014-AB     Document 128     Filed 11/14/24     Page 5 of 7
Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___5___ of ___7___

DEFENDANT:  John D. Ransome
CASE NUMBER:  DPAE2:04CR000014-001

## SPECIAL CONDITIONS OF SUPERVISION

None

DEFENDANT:   John D. Ransome
CASE NUMBER:   DPAE2:04CR000014-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | __Assessment__ | __Restitution__ | __Fine__ | __AVAA Assessment*__ | __JVTA Assessment**__ |
|---|---|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| __Name of Payee__ | __Total Loss***__ | __Restitution Ordered__ | __Priority or Percentage__ |
|---|---|---|---|
| | | | |

| **TOTALS** | $                0.00 | $                0.00 | |

☐   Restitution amount ordered pursuant to plea agreement   $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐   the interest requirement is waived for   ☐  fine   ☐  restitution.

☐   the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Appx35

Case 2:04-cr-00014-AB   Document 128   Filed 11/14/24   Page 7 of 7

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___7___ of ___7___

DEFENDANT:   John D. Ransome
CASE NUMBER:   DPAE2:04CR000014-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ☐   Lump sum payment of $ _____ due immediately, balance due

    ☐   not later than _____ , or
    ☐   in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|
| | | | |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Appx36

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**CERTIFICATE OF SERVICE**

I hereby certify that this appendix has been served on the Filing User

identified below through the Electronic Case Filing (ECF) system:

Samantha K. Drake, Esq.
Assistant Federal Defender

*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney

DATED: March 12, 2025.