

U.S. Department of Justice

*United States Attorney*

*Eastern District of Pennsylvania*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

March 30, 2025

**VIA ELECTRONIC FILING**

Patricia S. Dodszuweit, Clerk
United States Court of Appeals
United States Courthouse, 21st Floor
601 Market Street
Philadelphia, PA  19106

    Re:    United States v. John Ransome
            No. 25-1039

Dear Ms. Dodszuweit:

    Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, the government, appellant in this matter, hereby notifies the Court of a recent decision that is pertinent to an issue in this appeal.

    In this appeal, the government explained in its brief that appellee Ransome's 1992 conviction for aggravated assault was a violation of 18 Pa. Cons. Stat. § 2702(a)(4), that categorically qualifies as a "violent felony" under ACCA. Br. 33-38. The government disputed the district court's conclusion that the conviction may instead have rested on subsection (a)(3) or (a)(5). The government further noted that even if the conviction did rest on subsection (a)(3) or (a)(5), the crime still qualified; the government preserved its disagreement with the decision in *United States v. Jenkins*, 68 F.4th 148 (3d Cir. 2023), that aggravated assault in violation of subsection (a)(3) does not qualify because it may rest on an "omission to act." Br. 38 n.13.

On March 21, 2025, the Supreme Court abrogated the decision in *Jenkins*, ruling that any crime that categorically requires proof of "bodily injury" meets the requirement of the "elements clause" in the definition of "crime of violence" in 18 U.S.C. § 924(c) (that is materially the same as the definition of "violent felony" in ACCA) that the offense present as an element the use of physical force against the person of another. *Delligatti v. United States*, -- U.S. --, 2025 WL 875804 (U.S. Mar. 21, 2025). The Supreme Court further held that this result applies whether the causation or attempted causation of bodily injury results from an affirmative act, or from an omission to act.

All types of second-degree aggravated assault in the statute at the time of Ransome's 1992 crime – 18 Pa. Cons. Stat. § 2702(a)(3)-(5) – required proof of the intentional or knowing causation or attempted causation of "bodily injury." *See* Br. 34-35 (quoting statute). Under *Delligatti*, these offenses qualified as a "violent felony" under ACCA.

The government will address this topic further as warranted in its reply brief after the filing of the appellee's brief.

                                        Respectfully yours,

                                        DAVID METCALF
                                        United States Attorney


                                        */s Robert A. Zauzmer*
                                        ROBERT A. ZAUZMER
                                        Assistant United States Attorney
                                        Chief of Appeals


cc (via ECF): Samantha K. Drake, Esq.m